## CHAFFEY v. DEXTER.

### No. 9695; November 1, 1884.

#### 4 Pac. 980.

**Attorney and Client—Compromise—Findings.**—Where the matter of a compromise was talked over between a client and his attorney, and the attorney did compromise on the terms which he supposed his client assented to, a finding is justified that the client authorized his attorney to compromise as he did.[1]

**Attorney and Client—Compromise—Appeal.**—Whether an attorney correctly understood his client, regarding his desires as to a compromise, is a question dependent on the weight of evidence, and, the question being in doubt, the finding of the lower court will not be disturbed.

APPEAL from the Superior Court of San Bernardino County.

H. M. Willis for appellants; Paris & Goodcell for respondent.

SHARPSTEIN, J.—The plaintiffs, George and William B. Chaffey and the Pomona Land & Water Company, brought an action against the defendant for the diversion of a large portion of the water of San Antonio creek, which flows over the plaintiffs' lands. The defendant denied the material allegations of the complaint, and alleged that he was the owner

---

[1] Cited in note to Gibson v. Nelson (111 Minn. 183, 126 N. W. 731), in 31 L. R. A., N. S., 530, where there is under consideration the proof required of the attorney's authority from his client to compromise the case.

of the exclusive right to use and control forty inches, meas-
ured under a four-inch pressure, of the water of said stream
for the purpose of irrigation, etc. The answer was filed on
the 15th of October, 1883. On the 12th of February, 1884,
a judgment was entered in accordance with a written stipula-
tion of the attorneys of the several parties, by which it was
adjudged and decreed that the plaintiffs were entitled to the
use and control of all the water flowing in said creek, with
the exception of twenty inches, measured under a four-inch
pressure, which the defendant was entitled to use and control.
On the 28th of March, 1884, plaintiffs' attorney gave defend-
ant's attorney notice that the plaintiffs would move the court
that said stipulation, and said judgment entered in pursu-
ance thereof, be set aside, ''on the ground that the said
stipulation was made under mistake, inadvertence, and excus-
able neglect of attorney of plaintiffs, H. M. Willis, and with-
out any authority on his part, and upon representations upon
which he relied, made by one Touner, attorney for the Po-
mona Land & Water Company, one of the plaintiffs''; and
that the motion would be made on the papers in the case and
upon affidavits.

By the affidavit of Mr. Willis it appears that, at some time
intermediate the date of the commencement of the action
and the entry of the judgment, he had a conversation with
the plaintiff George Chaffey, Jr., in regard to a compromise
of the action on the terms as he (Willis) understood, ex-
pressed in the stipulation which he subsequently entered into
with the defendant's attorney. We refer to the following
clause in said affidavit:

''That in a previous conversation with his client, George
Chaffey, Jr., the proposition of allowing twenty inches of
water to defendant was discussed between them, but deponent
did not understand his client in the way said client, as he
now informs him, intended to be understood, to wit, that they
were willing to allow, as a compromise, the defendant to
have the amount of a certain box or flume leading from said
creek mentioned in the pleadings to defendant's farm—said
box or flume containing about twenty inches of water—to be
used by him (defendant) on his land exclusively adjacent
to said stream, at stated periods, about once a week; that the
deponent had no authority, in writing or verbal, from his

client in relation to said compromise, but acted solely in said matter on his understanding of his client's wishes, and upon representations made to him by said Touner.''

From this it appears that the matter of a compromise was talked over between the client and his attorney, and that the attorney did compromise on the very terms to which he supposed his client had assented. We think, upon this evidence, the court was justified in finding that the client authorized his attorney to compromise as he did. Whether the attorney correctly understood his client is a question which is left in doubt, and that being so we cannot disturb the order of the court below: The attorney undoubtedly acted according to his understanding of his client's wishes as expressed by the client himself. Order affirmed.

We concur: Thornton, J.; Myrick, J.